**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT NORTON,**

        **Plaintiff,**

**-vs-**                                  **Case No.  6:05-cv-1649-Orl-31DAB**

**GROUPWARE INTERNATIONAL, INC. &**
**RONALD DEAN, JR.,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO COMPEL DISCOVERY [INTERROGATORIES] (Doc. No. 28)**
>
> **FILED:**     **November 21, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff served discovery on Defendant Groupware International, Inc. in this Fair Labor Standards Act case on October 10, 2006.  Doc. No. 28-2.  When Defendant had not responded by November 17, 2006, Plaintiff filed this Motion to compel on November 21, 2006.  No opposition to the Motion was filed by Defendants and Plaintiff's Interrogatories (Doc. No. 28-2) are relevant and reasonably calculated to lead to the discovery of relevant evidence.  Fed. R. Civ. P. 26(b). Defendants' filing of a summary judgment motion (Doc. No. 29) does not alter their responsibility to respond to discovery.

Pursuant to Federal Rule of Civil Procedure 37, the Court may impose discovery sanctions, when the party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-1375 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore "substantial responsibility" for the delays in discovery and that the defendants were not at all at fault).

Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties and their attorneys for failure to comply with the court's discovery orders. It provides that the court, in its discretion, may impose, among others, the following sanctions: (1) the court may order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order; (2) the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (3) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or enter a judgment of default against the violating party; and (4) the court may consider the violation a contempt of court." Fed. R. Civ. P. 37.

Pursuant to Federal Rule of Civil Procedure 37(a), it is **ORDERED** that Defendants respond to Plaintiff's Interrogatories (Doc. No. 28-2) **within 11 days of the date of this ORDER**. Failure to comply with this **ORDER** will result in an Order to Show Cause why Defendants and their counsel should not be sanctioned for contempt.

**DONE** and **ORDERED** in Orlando, Florida on December 20, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-3-

Copies furnished to:

Counsel of Record