**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT NORTON,**

               **Plaintiff,**

-vs-                                           **Case No. 6:05-cv-1649-Orl-31DAB**

**GROUPWARE INTERNATIONAL, INC. &**
**RONALD DEAN, JR.,**

               **Defendants.**

_____

**ORDER**

This matter comes before the Court on a Motion for Summary Judgment (Doc. 29) filed by Defendants Groupware International, Inc. ("Groupware") and Ronald Dean, Jr. ("Dean"), and Plaintiff's Response thereto (Doc. 33).

**I. Background**

Groupware is a cable installation company owned solely by Dean, who is also the company's President. Plaintiff, Robert Norton ("Norton"), was an employee of Groupware, at its Orlando office, from August 1998 to January 2005. (Doc. 33-2 at 2). Norton alleges that Groupware failed to pay him minimum wage and compensate him for overtime hours he worked during this period, in violation of the Fair Labor Standards Act (the "FLSA"). Norton also alleges that Groupware violated an express contract by failing to pay him previously agreed upon fees for performing various duties, outside of his regular duties.

When Norton began working for Groupware in 1998, his position was that of installation technician, and he was paid commission for doing cable installations. However, eventually Norton

began to take on other duties. First, he began doing "network" installs, for which he received 40% of the profit generated by Groupware. Then he began taking on other duties around the office, including, *inter alia,* (1) working at the inventory window, handing out equipment to technicians; (2) monitoring the Nextel cell phones and walkie talkies that Groupware purchased for its employees; (3) conducting training sessions in the office; (4) training new technicians in the field; and (5) responding to in-house service calls. For each of these additional duties, Groupware agreed to pay Norton either a daily or weekly fee. However, Norton's paychecks did not include payment for these duties on a weekly basis.

## II. Standard of Review

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgement points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who

fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).

**III. Legal Analysis**

*A) Counts I and II: FLSA Violations*

In Count I, Plaintiff alleges that Defendants violated the overtime provisions of the FLSA by failing to pay him one and one-half his regular hourly rate for hours worked in excess of 40 hours per work week. In Count II, Plaintiff alleges that Defendants failed to comply with the minimum wage requirements of the FLSA.

First, Defendants argue that Norton falls under an exemption to the FLSA because his duties were primarily managerial, and therefore the FLSA overtime provisions do not apply to him. However, "[a] claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed. R. Civ. P. 8(c), must be specifically pleaded or it will be deemed waived." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-1319 (S.D. Fla. 2005); *see also Corning*

*Glass Works v. Brennan*, 417 U.S. 188, 196-197 (U.S. 1974).  Defendants completely failed to raise this defense in their answer, and therefore it is deemed waived and will not be considered by this Court.

Next, Defendants argue that Plaintiff has failed to specify the weeks in which he worked in excess of 40 hours, and therefore cannot maintain an action for overtime pay.  Defendants did not maintain records of the hours worked by its installation technicians, and therefore there are no records establishing the number of hours worked during any specific week by Norton.[1]  When an employer fails to keep records of the hours worked by its employees, the Eleventh Circuit applies the burden shifting approach delineated by the U.S. Supreme Court in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (U.S. 1946). *See Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1376 (11th Cir. 1999).  Therefore, because Groupware has failed to maintain records as required by the FLSA,

> [Norton] has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson,* 328 U.S. at 687-88.

In this case, Norton alleges that he worked an average of 65 hours per work week. (Doc. 30-2 at 70). Defendants' payroll records do not indicate that he was ever paid time-and-a-half for

---

[1] Groupware did keep work orders which detailed the amount of time spent on each service call. However, no records were kept indicating when installation technicians began work and ended work. Therefore, time spent driving from job to job or performing other duties is not recorded anywhere.

any overtime hours worked. (See Doc. 29-3). Norton has testified that he regularly came into work at 7:30 a.m. and worked, on average, until 7:00 p.m. (Doc. 30-2 at 70, 118 and 123). Even if he only worked five days per work week, this would exceed forty hours. However, Norton testified that he was required to work six days each week and every other Sunday, which puts him well over 40 hours per work week. (Doc. 30-2 at 70). Groupware has not presented any evidence to contradict these estimates, and in light of the circumstances, the burden to do so will be on them at trial. Therefore, a question of fact remains as to whether Norton did in fact work overtime and how much compensation he is due. Furthermore, because a question of fact remains as to how many hours Norton actually worked in any given week, there is also a question of fact as to whether Defendants complied with the minimum wage requirement. Therefore, summary judgment is inappropriate as to both Counts I and II.

  *B) Count III: Breach of Contract*

Plaintiff alleges that he entered into an express oral contract with Groupware, under which Groupware agreed to pay him set amounts on a weekly or daily basis for the non-installation duties he performed. Plaintiff argues that Groupware only sporadically paid him for these duties, and that in failing to pay him as agreed, they have breached this contract. However, in Paragraph 9 of Norton's affidavit, he states that "Groupware International paid me the agreed upon set amounts for my performance of the numerous, non-installation work identified in Paragraph 6 above." (Doc. 33-2 at 2). Paragraph 6 of the affidavit lists the following duties:

> [K]eeping track of the company's Nextel phones, internal and regular service calls, training new installers, maintaining inventory with regard to equipment, developing training programs for certain employees, handing out inventory to installers, assisting other technicians working in the field, sweeping floors, cleaning the office, scheduling network jobs and trouble shooting work done by other technicians.

(Doc. 33-2 at 2).[2]  This list of duties includes all of the duties that Norton alleges were addressed by the oral contract.  Despite inconsistent statements made in his deposition, the Plaintiff is bound by the sworn affidavit that he signed subsequent to that deposition and submitted to the Court.  Therefore, it appears that Plaintiff has conceded his breach of contract claim and summary judgment will be granted as to Count III.

*C) Ronald Dean*

Finally, Dean argues that he is not an appropriate party to this lawsuit because he is not an "employer" as defined by the FLSA. "An employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee.  The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer  along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-638 (11th Cir. 1986) (internal citations and quotations omitted).   It is undisputed that Dean is the sole shareholder and President of Groupware.  Given his position, it seems clear that Dean qualifies as Norton's employer.  However, Dean alleges that he cannot be held liable because he had no personal knowledge of the work Norton did or how Norton was paid, and did not involve himself in the day-to-day activities of Groupware's Orlando office.  Yet, in Dean's deposition he provides a detailed account of how installers were compensated and how it was determined if they worked overtime. (Doc. 33-6 at 23, 28-9).  Dean explained how installers reported their hours and how the company kept track of the work they did.  Dean even testified that installers, including Norton, on average worked "well under" forty

---

[2]These statements are repeated in the "Undisputed Facts" section of Plaintiff's Response to the Motion for Summary Judgment. (Doc. 33 at 2).

hours per week. (Doc. 33-6 at 28). Clearly, Dean was aware of the employment and compensation practices of Groupware's Orlando office and can be held accountable for such. Thus, there is at least a question of fact as to whether Dean was Norton's employer for purposes of the FLSA.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Defendants' Motion for Summary Judgment (Doc. 29) is **GRANTED** in part and **DENIED** in part.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 4, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party